**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert G. Furst,<br><br>          Plaintiff,<br><br>v.<br><br>Ryan Walter, *et al.*,<br><br>          Defendants. | No. CV-17-03096-PHX-JJT<br><br>**ORDER** |

At issue are Defendants Ryan Walter and James Cordello's Motion to Enforce Settlement Agreement (Doc. 45), to which Plaintiff Robert G. Furst filed a Response (Doc. 48) and Defendants filed a Reply (Doc. 49); Plaintiff's Cross-Motion to (1) Enforce Settlement Agreement, (2) Appoint an Independent Fiduciary to Represent the Plan, and (3) Consolidate the Current Case with Case No. CV-02639-PHX-DJH (Doc. 50), to which Defendants filed a Response (Doc. 51) and Plaintiff filed a Reply (Doc. 52); Plaintiff's Motion to Postpone the Dismissal of Claims Pending Adjudication of the Settlement Agreement (Doc. 55), to which Defendants filed a Response (Doc. 56) and Plaintiff filed a Reply (Doc. 57); and Plaintiff's Motion to Interpret Settlement Agreement Prior to Enforcement of Settlement Agreement (Doc. 58), to which Defendants filed a Response (Doc. 59) and Plaintiff filed a Reply (Doc. 60). The Court resolves these Motions without oral argument. *See* LRCiv 7.2(f).

Plaintiff filed the Complaint in this action on September 11, 2017 (Doc. 1) and a First Amended Complaint (FAC)—the operative pleading—on October 10, 2017

(Doc. 13). In the two-count FAC, Plaintiff sought declaratory relief regarding Defendants' administration of the Mortgages Ltd. 401(k) Plan after that entity became insolvent. On June 8, 2018, Plaintiff filed a Notice of Settlement that stated that the "parties hereto have come to an agreement to settle this matter." (Doc. 32.) In a June 11, 2018, Order, the Court stated that the "settlement constitutes an accord which has extinguished the underlying claim" and the Court would dismiss this case with prejudice 60 days after entry of the Order unless the parties filed a stipulation to dismiss prior to that date. (Doc. 33.)

On August 21, 2018, Defendants filed a Motion to Enforce the Settlement Agreement in which they state that the parties have finalized the Settlement Agreement. (Doc. 45.) Defendants ask the Court to enforce the Agreement because the parties are unable to agree on how to meet one of its provisions. (Doc. 45.) In their Reply brief, Defendants argue without citation to legal authority that the Court has jurisdiction to enforce the Settlement Agreement because they filed their Motion prior to the Court's entry of an Order dismissing the case upon the parties' finalization of the Settlement Agreement. (Doc. 49 at 4.)

In *Kokkonen v. Guardian Life Insurance Company of America*, the Supreme Court noted that the "facts to be determined with regard to such alleged breaches of [a settlement agreement] are quite separate from the facts to be determined in the principal suit, and automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business." 511 U.S. 1673, 1677 (1994). The parties may seek to "provide for the court's enforcement of a dismissal-producing settlement agreement" through, for example, including such a provision in the settlement agreement, and the court has discretion as to whether to include that term in a dismissal order. *Id.* Otherwise, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."

Here, the parties do not include a provision in the Settlement Agreement that the Court should retain jurisdiction over enforcement of the Settlement Agreement. Defendants nonetheless request that the Court enforce the Settlement Agreement without

pointing to a legal basis for the Court's jurisdiction; instead, Defendants argue that the "case remains pending." (Doc. 49.) But as the Court stated in its Order on Plaintiff's Notice of Settlement, the parties' settlement extinguished the underlying claims, and the parties satisfied the conditions of dismissal of this case by finalizing the Settlement Agreement. The Court is under no obligation to retain jurisdiction over what are otherwise state law questions—the interpretation and enforcement of the Settlement Agreement—and the Court will decline to do so.

For his part, Plaintiff responded to Defendants' Motion to Enforce Settlement Agreement by stating that "[t]he present litigation is over, and all claims have been dismissed; the enforcement of the settlement agreement is a separate, new matter which is not a proper subject matter to be addressed in the present, completed litigation." (Doc. 50 at 8.) Plaintiff thus filed a separate action in this District to enforce the Settlement Agreement. (Case No. 2:18-cv-02639-DJH.) In the Complaint in that action, Plaintiff raises the state law breach of contract claim and invokes federal question jurisdiction by raising three new claims against Defendants under ERISA: breach of the fiduciary duties of prudence of loyalty after the settlement date; prohibited transactions related to post-settlement legal costs; and declaratory relief. (Case No. 2:18-cv-02639-DJH, Doc. 6.)

The remaining issue before the Court is whether to consolidate Plaintiff's newly filed case containing post-settlement claims with this case under Federal Rule of Civil Procedure 42(a), pursuant to Defendants' request.[1] (Doc. 51 at 6-8.) Rule 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Similarly, Local Rule 42.1(a) provides that the Court may order the transfer of a case such that cases pending before different Judges may be heard by a single judge if the cases: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination

---

[1] Plaintiff requests to consolidate the two cases only in the event that the Court grants Defendants' Motion to Enforce Settlement Agreement. (Doc. 50 at 11.)

of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges."

While there is some overlap between the two counts for declaratory relief in the present action and the claim for declaratory relief in the new action, the other three claims in that action are entirely new. Moreover, the allegations forming the basis of the four claims in the new action concern the parties' conduct during and after the settlement between the parties, none of which conduct is at issue in the present lawsuit. In terms of the Court's interest in judicial efficiency, the Court has had no opportunity to address the merits of the declaratory relief claims in the present case, so the possibility of duplication of effort is, at best, minimal. Finally, the Court does not agree with Defendants that consolidating the actions will avoid delay. The final resolution of issues between the parties has been extended by Plaintiff's filing of new claims against Defendants in a new lawsuit, and not the Court's decision whether to transfer the claims from one Judge to another.

Accordingly,

IT IS HEREBY ORDERED denying Defendants' Motion to Enforce Settlement Agreement (Doc. 45).

IT IS FURTHER ORDERED denying Plaintiff's Cross-Motion to (1) Enforce Settlement Agreement, (2) Appoint an Independent Fiduciary to Represent the Plan, and (3) Consolidate the Current Case with Case No. CV-02639-PHX-DJH (Doc. 50).

IT IS FURTHER ORDERED denying Plaintiff's Motion to Postpone the Dismissal of Claims Pending Adjudication of the Settlement Agreement (Doc. 55).

IT IS FURTHER ORDERED denying Plaintiff's Motion to Interpret Settlement Agreement Prior to Enforcement of Settlement Agreement (Doc. 58).

IT IS FURTHER ORDERED dismissing this case with prejudice.

IT IS FURTHER ORDERED directing the Clerk of Court to close this case.

Dated this 13th day of March, 2019.

Honorable John J. Tuchi
United States District Judge